ALFRED H. TOWNLEY, as Receiver of the Goods and Credits of JOSEPH POLANSKY in Proceedings Supplementary to Execution, Appellant, *v.* ESTHER POLANSKY and JOSEPH POLANSKY, Otherwise Known as JACOB POLANSKY, Respondents.

First Department, January 10, 1919.

Fraud — action by receiver in supplementary proceedings to set aside alleged fraudulent transfer of corporate stock by judgment debtor to his wife — evidence — when want of consideration immaterial — implied admission of knowledge of fraud by failing to testify.

In an action by a receiver in supplementary proceedings to set aside an alleged fraudulent transfer of stock by the judgment debtor to his wife, it appeared that the judgment debtor intending default upon a long term lease, and his friend who also had some liabilities, were advised by an attorney to form a corporation which they did, each taking one share and dividing the remaining shares equally with their wives; that the wives had nothing to do with the business which was run as a partnership; that the judgment debtor testified that he was owing his wife for moneys loaned, but there was no evidence that she had demanded payment; that neither the judgment debtor nor the lawyer who advised the incorporation denied the fraudulent purpose for which the company was formed, which was testified to by the friend of the judgment debtor.

*Held*, that a judgment dismissing the complaint should be reversed as against the evidence and a new trial granted.

It being established that the stock was transferred to the wife of the judgment debtor in pursuance of a fraudulent purpose, if she had any knowledge of such purpose, it is immaterial whether or not she paid any consideration for the transfer.

The fraud of the judgment debtor being established and the evidence tending to show that his wife had knowledge thereof, it was her duty to offer herself as a witness, and her failure to take the stand to assert her innocence should be construed as an implied admission on her part of knowledge of such fraud.

APPEAL by the plaintiff, Alfred H. Townley, as receiver, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 4th day of September, 1918, dismissing the complaint upon the decision of the court after a trial at the New York Special Term.

*John H. Regan,* for the appellant.

*Joseph Rubin* of counsel [*Julius L. Pines* with him on the brief], for the respondents.

SMITH, J.:

The plaintiff is the receiver of the property of Joseph Polansky in supplementary proceedings. The defendant Joseph Polansky had been running a restaurant at 638 Sixth avenue. At 630 Sixth avenue there was another restaurant which was a rival of Polansky's restaurant and reduced his income apparently to a point where there was no profit. Goldberg was a friend of Polansky and was induced by Polansky to buy out this restaurant at 630 Sixth avenue, and he and Polansky started in jointly as partners to run this business at 630 Sixth avenue. Polansky had become liable upon a long lease of 638 Sixth avenue upon which he was now defaulting, and Goldberg also had some liabilities, so that they consulted a lawyer as to what arrangements could be made to protect them against liability to creditors. This lawyer advised the formation of a corporation which was afterwards formed with forty shares of stock. Goldberg and Polansky each took one share and to each of their wives were given nineteen shares. This transfer to the wife of Polansky of these nineteen shares is what is claimed to have been a fraudulent transfer which is here sought to be set aside.

There is abundant evidence here of the fraud of Polansky in procuring the issue of the stock to his wife. Polansky had become liable upon this long lease and was intending to

default on the same. He was afraid of being interfered with by May, the landlord, in the lease he was defaulting. Goldberg swears that for the specific purpose of protecting himself from May and from the liability which he had thus assumed, they consulted a lawyer as to the best way to secure such protection. They were advised to form a corporation and to put the larger part of the stock into the hands of their wives and this they did. The business thereafter was not run as a corporation. No attention was paid to corporate forms. No accounts were kept in the corporation and the moneys were all divided between Goldberg and Polansky. While this stock was receipted for by the wives, it was kept in the safe at the business place of Polansky and Goldberg. These wives had nothing whatever to do with the business, knew nothing about it and the business was run as a partnership with the division of all profits as before stated between Goldberg and Polansky. It is true that in the evidence of Polansky he states that he was owing his wife $200 for moneys which she had loaned him and also she had put other moneys into repairs at 638 Sixth avenue. He does not swear, however, that the moneys put into repairs were loaned to him or that he was owing her therefor, or that she was making at any time any demand for the payment of any moneys. The most significant fact in the case is that while Goldberg swears to the specific fraudulent purpose with which this corporation was formed and the stock transferred to their wives, Polansky upon the stand makes no denial whatever of this testimony, nor does the lawyer who drew these incorporation papers and gave the advice and appeared in the case for Esther Polansky make any denial of the fraudulent purpose for which this corporation was constituted. It must be deemed established, therefore, for the purposes of the action that this stock was transferred to Esther Polansky in pursuance of this fraudulent purpose, and if Esther Polansky had any knowledge of such purpose, it does not matter whether or not she paid any consideration for the transfer. That she had knowledge of that purpose seems to me to be fairly well established by the evidence. She makes no denial of such knowledge upon the stand and does not offer herself as a witness. There is no claim that she was at any time demanding any part of the moneys claimed to

be her due.   She paid no attention whatever to the business of the corporation and permitted all the profits to be divided between ·Goldberg and Joseph Polansky apparently without protest.

With the fraud of Joseph Polansky established and with all the circumstances pointing to the fact that Esther Polansky was cognizant thereof, it fairly rests upon her to offer herself as a witness and her failure to take the stand to assert her innocence should in this case be construed as an implied admission on her part of knowledge of such fraud.   If she were a *bona fide* creditor of her husband and were making a demand for the payment of what he owed to her she could easily have sworn to those facts.

The judgment should be reversed as against the evidence and a new trial granted, with costs to appellant to abide the event.

Dowling, Laughlin, Page and Shearn, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.